**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

BORIS POGIL,

                    Plaintiff,

v.

KPMG, LLP; ANDREW J. ZIEGLER;
SCOTT M. MASAITIS; TONYA
CHRISTIANSON; DAVID LIN; LENA
HAIDYSH; LARA CZERWINSKI

                    Defendants.

---------------------------------------------------------------

: Case No.: 1:21-cv-07628 (LTS) (BCM)

: Civil Action

: **DEFENDANT KPMG LLP'S**
: **FED.R.CIV.P. 26(a) DISCLOSURES**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Defendant KPMG LLP ("Defendant") hereby discloses the following information to Plaintiff pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendant reserves the right to supplement these initial disclosures as additional information becomes available through discovery.

## GENERAL STATEMENT

1.      By providing any information pursuant to any provision of Federal Rule of Civil Procedure 26(a)(1), Defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving, or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the information produced or identified herein in any proceeding, including the trial of this action or any subsequent proceeding.

2.      Defendant objects to providing documents pursuant to Federal Rule of Civil Procedure 26(a)(1) that are protected by the attorney-client privilege, work-product doctrine, or other legal privilege.

3.      Identification of any document that is privileged or is otherwise protected from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

<u>DISCLOSURES</u>

(A)      Persons likely to have discoverable information that Defendant may use to support its claims or defenses.

- ***Scott Masaitis*** – Has knowledge regarding Plaintiff's performance and the allegations asserted in the Complaint;
- ***Andrew Ziegler*** – Has knowledge regarding Plaintiff's performance and the allegations asserted in the Complaint;
- ***Scott Novick*** – Has knowledge regarding Plaintiff's performance and the allegations asserted in the Complaint;
- ***David Lin*** – Has knowledge regarding efforts to assign Plaintiff to work and the allegations in the Complaint;
- ***Tonya Christianson*** – Has knowledge of Plaintiff's performance and the allegations asserted in the Complaint;
- ***Jason McCaughey*** – Has knowledge regarding Plaintiff's performance;
- ***Lara Czerwinski*** – Has knowledge regarding the Low Performer memo given to Plaintiff and the allegations in the Complaint;
- ***Lena Haidysh*** – Has knowledge regarding the Low Performer memo and the allegations in the Complaint;
- ***Joseph Lancaster*** – Has knowledge regarding the Bank of America PPP project and Plaintiff's involvement in same; and
- ***Blake Kiefer*** - Has knowledge regarding the Bank of America PPP project and

Plaintiff's involvement in same.

(B)     Documents, Data Compilations, and Tangible Things in the Possession of Defendant that it May Use to Support Its Claims and Defenses.

- Plaintiff's personnel file;

- Plaintiff's performance reviews;

- Plaintiff's GPS reviews;

- Plaintiff's time records;

- Plaintiff's benefits file; and

- Relevant communications and documents regarding Plaintiff's performance.

(C)     Computation of Any Category of Damages Claimed By the Disclosing Party. Defendant is not claiming damages at the present time.

(D)     Insurance Agreement Under Which Insurer May Be Liable to Satisfy Judgment. There is no such insurance agreement.

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
*Attorneys for Defendant KPMG LLP*


*s/  Justine L. Abrams*
Justine L. Abrams
Peter O. Hughes, *pro hac vice*

Dated: May 4, 2022

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing document to be served via regular and electronic mail upon

Garry Pogil, Esq.
1120 Avenue of the Americas, 4th Floor
New York, NY 10036
garry.pogil@pogillaw.com

on this 4th day of May, 2022.

_/s/ Justine L. Abrams_
Justine L. Abrams

51225270.v2-OGLETREE