UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HON. BARBARA MOSES

BORIS POGIL

                                                   Plaintiff.

— against —

KPMG, LLP

                                                 Defendant.

Civil Action No. 21-CV-7628

**Letter – Motion seeking an extension of the deadline to move to amend or join additional parties and to compel Defendant to provide any documents before mediation.**

**MEMO ENDORSED**

Your Honor:

      I represent the Plaintiff in the above-captioned matter.  After the case management conference on April 20, 2022, May 4, 2022 was the deadline set to exchange automatic disclosures pursuant to *Fed. R. Civ. P.* 26(a)(1).  On May 3, 2022, Plaintiff served his initial disclosures, which included copies of 274 documents.  On May 4, 2022, Defendant served its initial disclosures (Exhibit "1"), which included a total of zero documents. Defendant identified categories of documents, but they did not identify the location of such documents as *Rule* 26(a)(1)(A)(ii) requires.  Furthermore, the description of the documents listed is vague, such as "relevant communications and documents regarding Plaintiff's performance." What does this mean? If they identified any specific document that they will rely upon, then they have to produce such pursuant to this *Rule*.

      All the categories of documents that Defendant identified is in its exclusive possession and control and can be easily produced by clicking the print button.  Defendant could not even print out Plaintiff's time sheets, and such is central to the unpaid overtime claim.  We have mediation scheduled for May 25, 2022, but the usefulness of such has to be questioned if even the most basic documents are being withheld.  How am I to negotiate and propose a settlement during mediation on the unpaid overtime issue (and related liquidated damages) if I do not have my client's timesheets?

      I believe that during our case management conference, this Court clearly stated that the parties will be in a better position to attend mediation and to file any motion to amend or add additional parties after the automatic disclosures are exchanged, however, as noted above, a total of zero documents were provided as part of Defendant's initial disclosure obligation.

     I have reached out to opposing counsel and was told as follows: "We will not be in a position to produce additional documents before the mediation beyond what we provided in December of 2020." Just to be clear, what was provided in December of 2020 is a copy of Plaintiff's Human Resource file, which (as just one example) did not contain any of Plaintiff's positive performance evaluations and was definitely incomplete in other respects. Perhaps Defendants have deleted those evaluations from the HR file as is alleged in, for example, ¶29 of the complaint, but I submit that Defendant did not meet its obligations with respect to automatic disclosures in the manner that they provided such disclosure.

     As a result of the foregoing, it is respectfully being requested that the May 20th deadline (as such relates to amending the complaint) should be extended to perhaps June 30th. I have served requests for written discovery on May 5th, so assuming I get any documents from the Defendants, this extension would allow for filing any motion seeking to amend the complaint or add additional parties.

     Additionally, Defendants should be compelled to provide before mediation, readily obtainable documents that they have identified, such as Plaintiff's performance evaluations, personnel file, GPS reviews, time records, benefits file, etc. This case has been pending (at the pre-discovery stage), at least on the state level, for approximately a year and a half, so Defendant had ample time to print out these basic documents.

     This brief extension would likely not interfere with any other deadline as the next deadline is October 28th, 2022 to complete all depositions. Both parties have already exchanged requests for written discovery.

     This is the first time that an application to extend any deadline is being made. Based on my communications with opposing counsel, Defendant is not consenting to producing any documents before mediation. As to the extending the May 20th deadline to amend or add additional parties, they have not consented or refused but have inquired as to which claims or parties are sought to be added. I have responded by stating that having not received any documents, I am not in a position to provide an answer.

Dated: May 12, 2022

> Defendant shall respond to plaintiff's letter-motion no later than **tomorrow, May 13, 2022**. The Court notes that this action is subject to the Second Amended Standing Administrative Order dated Oct. 1, 2015, M10-468, see https://www.nysd.uscourts.gov/sites/default/files/pdf/2015-SecondAmendedStandingAdminOrder-Counseled-Employment.pdf. The Court expects the parties to meet their obligations under that Order. SO ORDERED.
>
> _Barbara Moses_
> Barbara Moses, U.S.M.J.
> May 12, 2022

Respectfully Submitted,

_Garry Pogil_
Garry Pogil (Attorney for the Plaintiff)