USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/04/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BORIS POGIL,

        Plaintiff,

-against-

KPMG L.L.P.,

        Defendant.

21-CV-7628 (LTS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    This Order memorializes the rulings made on the record during today's discovery conference.

    1.    <u>Expert Discovery Extension</u>. At defendant's request, and with plaintiff's consent, the expert discovery schedule is EXTENDED as follows:

        a.    Defendant shall complete the deposition of plaintiff's expert witness no later than **February 10, 2023**.

        b.    Defendant shall file any motion to preclude the testimony of plaintiff's expert **witness** no later than **March 3, 2023**.

        c.    No further extensions of these deadlines will be granted absent compelling circumstances.

        d.    Absent further order of the Court, the briefing schedule will be governed by Local Civil Rule 6.1(b).

    2.    <u>Plaintiff's Post-Deposition Requests for Documents</u>. Plaintiff having served his "Post Deposition Requests for Documents" (Dkt. 61-3) on October 31, 2022, which was three days after the close of fact discovery, and having failed to seek or obtain any extension of that deadline, his letter-motion dated December 16, 2022 (December 16 Letter-Motion) (Dkt. 61) is DENIED to

the extent it requests an order compelling the production of documents in response to the Post Deposition Requests for Documents.

3. <u>Plaintiff's Third Request for Production of Documents</u>. The Court has carefully considered the portion of the December 16 Letter-Motion seeking an order compelling defendant to produce additional documents in response to RFPs 2, 3, 7, and 11within his Third Request for Production of Documents (Dkt. 61-1).[1] In response to RFP 2, defendant shall promptly produce (to the extent it has not yet done so): (a) all "Counselee Forms" issued with respect to FY 2020 for the women listed in RFP 2 who held the position of Senior Associate during that year; and (b) documents sufficient to show all written review comments with respect to FY 2019 for the women listed in RFP 2 who held the position of Senior Associate during that year. As to plaintiff's request for the same documents regarding all 52 individuals listed in RFP 2 (some of whom were not Senior Associates at the relevant time), the Court concludes that the discovery sought is only marginally relevant to the claims and defenses in this action and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). As to RFPs 3 and 7, plaintiff has failed to demonstrate that defendant is withholding any responsive documents. As to RFP 11, the discovery sought – monthly "utilization schedules for the entire United States M&A Tax Practice" from September 2020 to date (that is, for time periods after plaintiff's employment ended) – is not relevant to the claims and defenses in this action.

4. <u>Factual Matters Regarding Document Production</u>. The parties are reminded that the Court does not possess a crystal ball, and consequently cannot determine – either on its own or based on the unsupported assertions of counsel – whether documents have been produced in response to any given RFP and, if so, which documents. In the event of any remaining disputes as

---

[1] Plaintiff withdrew his request as to RFP 10 at the conference.

to defendant's compliance with paragraph 3 of this Order, the parties must identify precisely (a) what responsive documents have in fact been produced as to each relevant individual; (b) what additional documents are believed to be missing; and (c) the basis for that belief.

All relief not expressly granted herein is DENIED. The Clerk of Court is respectfully directed to close the letter-motion at Dkt. 61.

Dated: New York, New York
January 4, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**