UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

BORIS POGIL,

             Plaintiff,

  -v-                                                                                      No.  21-CV-07628-LTS-BCM

KPMG LLP,

             Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

On September 24, 2024, the Court granted the motion of Defendant KPMG LLP ("Defendant" or "KPMG") for summary judgment and directed the Clerk of the Court to enter judgment dismissing the Complaint of Plaintiff Boris Pogil ("Plaintiff" or "Pogil") in its entirety and to close the case. (Docket entry no. 107.)

Thereafter, on October 24, 2024, KPMG filed a Notice of Taxation of Costs, seeking to recover $6,129.22 in costs. (Docket entry no. 109 ("Motion").) Specifically, KPMG seeks the following costs for "[d]eposition transcripts submitted in connection with Defendant KPMG LLP's Motion for Summary Judgment." (Docket entry no. 109-1 at 1.)

| Description | Amount |
|---|---|
| Boris Pogil's deposition taken on August 25, 2022 | $405.00 |
| Boris Pogil's continued deposition taken on September 7, 2022 | $1,118.00 |
| Andrew Ziegler's deposition taken on September 8, 2022 | $909.65 |
| David Lin's deposition taken on September 22, 2022 | $774.90 |
| Scott Masaitis' deposition taken on September 27, 2022 | $501.53 |
| Lara Czerwinski's deposition taken on October 6, 2022 | $536.20 |

| | |
|---|---|
| Lydia Bull's deposition taken on October 6, 2022 | $301.35 |
| Joshua Ellis' deposition taken on October 14, 2022 | $417.86 |
| Tonya Christianson's deposition taken on October 14, 2022 | $304.08 |
| Lena Haidysh's deposition taken on October 20, 2022 | $520.80 |
| Scott Novick's deposition taken on October 25, 2022 | $339.85 |
| **Total** | **$6,129.22** |

Pogil objected to KPMG's request for taxation of costs (docket entry no. 110 ("Pl. Obj.")), and KPMG filed a reply in support of its request (docket entry no. 111 ("Def. Reply").)

The Court has considered carefully the parties' submissions, and, for the reasons set forth below, KPMG's request for taxation of costs is granted in full.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Pogil raises several objections to KPMG's request for taxation of costs, but none are meritorious.

Whether Res Judicata Bars an Award of Costs

First, Pogil contends that res judicata bars an award of costs.  (Pl. Obj. at 1.)  In the September 24, 2024 Memorandum Order, the Court held that a prior, final judgment by the New York Supreme Court's Appellate Division, First Department operated by res judicata to bar Count One and Count Two of Pogil's Complaint.  (Docket entry no. 107 at 9-12.)  According to Pogil, however, the Appellate Division awarded judgment in favor of KPMG "without costs."  Pogil v. KPMG LLP, 212 N.Y.S.3d 629, 629 (N.Y. App. Div. 1st Dep't 2024).  Thus, Pogil

avers, by analogy, the Appellate Division's decision to not award costs operates by res judicata to bar KPMG's request for costs here.

Pogil cites nothing to support his analogical argument, which is flawed for several reasons. For one, KMPG's request for costs is made under Federal Rule of Civil Procedure 54(d)(1). See Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs."). Res judicata has no application here because KPMG would never have been able to move for costs under Rule 54(d)(1) in New York state court. See Giannone v. York Tape & Label, Inc., 548 F.3d 191, 193 (2d Cir. 2008) ("Under New York law, a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" (quoting Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997))); Marvel Characters, Inc. v. Simon, 310 F.3d 280, 287 (2d Cir. 2002) ("A prior judgment 'cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case.'" (quoting Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955))).

Sister district courts have reached similar conclusions, flatly rejecting any application of res judicata to a request for costs under Rule 54(d)(1). J.T. Gibbons, Inc. v. Crawford Fitting Co. held that "the doctrines of res judicata and collateral estoppel have no applicability to the issue of costs." 102 F.R.D. 73, 76 (E.D. La. 1984), aff'd in part, rev'd in part on other grounds, 760 F.2d 613 (5th Cir. 1985). The court explained that "Defendants have simply filed a bill of costs . . . under Fed. R. Civ. P. 54(d), [which] allow[s] the defendants their costs in the [] action. The principles of res judicata have no applicability under such circumstances." Id. Similarly, in Thomas v. Artino, the court overruled the non-prevailing

party's objection "that [prevailing party's] motion for attorney's fees [wa]s barred under the doctrine of res judicata" because "the more appropriate method of analysis lies under Federal Rule of Civil Procedure 54(d)(2)" rather than res judicata.  No. 08-CV-2142-DKC, 2009 WL 10685602, at *2 (D. Md. June 19, 2009).

Furthermore, under New York law, "[a]ny allowance or disallowance of costs by an Appellate Court, without anything further, means costs in that court"—namely, that <u>appellate</u> court.  <u>Salerno v. N.Y. Cent. R. Co.</u>, 253 N.Y.S.2d 37, 38 (Monroe Cnty. Sup. Ct. 1964). "[G]enerally speaking, matters remain independent of one another for purposes of costs, the costs to be awarded or denied in each proceeding according to its independent outcome, and such rule applies equally as well to costs on appeal in the absence of direction to the contrary by the Appellate Court."  <u>Id.</u>  That is, where an appellate court merely disallows costs and does not expressly refer to costs incurred in the trial court judgment, the costs disallowed are only those costs relating to the appeal.  See <u>id.</u> ("If the Appellate Division had wanted to grant costs to this defendant for services in the lower court, it could have said so . . . . Hence, without any further court order to the contrary that situation does not change.").  Here, the Appellate Division made no reference to—or determination of—the costs incurred in connection with the trial court judgment.[1]  Accordingly, the Appellate Division's decision has no bearing here.

Finally, there is no risk of double recovery.  See <u>Borum v. Brentwood Vill., LLC</u>, No. 16-CV-1723-RC, 2020 WL 5291982, at *6 (D.D.C. Sept. 4, 2020) (deducting "taxable

---

[1] In full, the Appellate Division stated: "Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about January 29, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, <u>without costs</u>."  <u>Pogil v. KPMG LLP</u>, 212 N.Y.S.3d 629, 629 (N.Y. App. Div. 1st Dep't 2024) (emphasis added).

portions of the deposition costs" from an award of costs associated with spoliation "[i]n order to prevent a double recovery"). KPMG does not appear to have moved for, or been awarded, any costs in the New York state litigation. See Boris Pogil v. KPMG LLP, Index No. 150640/2021 (N.Y. Cnty Sup. Ct.) (case docket for trial court litigation); Pogil v. KPMG LLP, 212 N.Y.S.3d 629, 629 (N.Y. App. Div. 1st Dep't 2024) (affirming trial court "without costs").

Whether KPMG Is Entitled to Its Bill of Costs

Next, Pogil argues that KPMG is not entitled to the costs of the depositions that he took because KPMG "was entitled to free copies of such" depositions under New York Civil Practice Law and Rule Section 3116(d). (Pl. Obj. at 1.) According to Pogil, he "bore th[e] costs" of all the depositions he noticed[2] (id.), as was required under Section 3116(d), which provides that "[u]nless the court orders otherwise, the party taking the deposition shall bear the expense thereof." Pogil's argument fails, however, because there is no evidence that Pogil ever paid those deposition costs. (Def. Reply at 3; see docket entry nos. 109-3 to 109-13.) Rather, KPMG bore those costs, which it now seeks to recover.

---

[2]  Pogil noticed all of the depositions for which KPMG now seeks costs except for two—the depositions KPMG noticed of Pogil himself. (See docket entry no. 111-2.)

<u>CONCLUSION</u>

For the foregoing reasons, KPMG's request for taxation of costs is granted in full. The Clerk of the Court is respectfully directed to enter a bill of costs in KPMG's favor in the amount of $6,129.22 and to resolve docket entry no. 109.

SO ORDERED.

Dated: New York, New York
       November 18, 2024

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge